# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CYNTHIA MORINE, LORRAINE BREWER and GARY MARION,**

      **Plaintiffs,**

**v.**         Case No:  6:15-cv-870-Orl-40KRS

**LUCID STAR HEALTHCARE OF FLORIDA, INC. and CHRISTOPHER MICHAEL TOBEY,**

      **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration after a hearing on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 32)**
>
> **FILED:** **October 6, 2015**

## I. BACKGROUND.

Plaintiffs Cynthia Morine, Lorraine Brewer, and Gary Marion filed a complaint against Defendants Lucid Star Healthcare of Florida, Inc. and Christopher Michael Tobey raising claims for (1) failure to pay a minimum wage and overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et. seq.*; (2) breach of contract; (3) failure to pay the minimum wage required by Article X, Section 24 of the Florida Constitution and the Florida Minimum Wage Act, Fla. Stat. § 448 ("FMWA"); (4) retaliation in violation of Florida's Whistleblower Act, Fla. Stat. §§ 448.101-105; and (5) retaliation in violation of the FLSA  Doc. No. 1. On October 6, 2015, Plaintiffs and Tobey filed the instant motion indicating that the parties

had reached a settlement and requesting that the Court approve their settlement as required by *United States v. Lynn's Food Stores*, 679 F.2d 1350 (11th Cir. 1982).  Doc. No. 32.  Plaintiffs and Tobey attached to their motion a copy of the settlement agreement ("Settlement Agreement"), which is signed by each Plaintiff, by Tobey individually, and by Tobey on behalf of Lucid Star.  Doc. No. 32-1.  In support of the motion, Plaintiffs' counsel of record submitted an affidavit of attorney's fees.  Doc. No. 32-2.  Plaintiffs and Tobey stipulate to entry of a judgment dismissing the case with prejudice if the Court approves the Settlement Agreement.  Doc. No. 32, at 4.

The motion was referred to me for issuance of a Report and Recommendation. Accordingly, the matter is now ripe for review.

## II.    APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  679 F.2d at 1353.  Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam) (unpublished decision cited as persuasive authority).  If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery

might have been greater if the parties had reduced the attorney's fees to a reasonable amount.  *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

**III.   ANALYSIS.**

Under the Settlement Agreement, Defendants will pay Plaintiffs' counsel a total of $14,794.18, by payments through June 9, 2016.  Doc. No. 32-1, at 1-2.  The parties represent in the motion that, under the Settlement Agreement, each Plaintiff will receive full payment for unpaid wages and full liquidated damages.  Doc. No. 32, at 3.

At the hearing on the motion, counsel for Plaintiffs provided additional information regarding the settlement sums to be paid to each Plaintiff, as follows:

With respect to his claim for 22 hours of work performed for which no compensation was paid, Plaintiff Marion alleged that he was owed $418.00 in unpaid compensation at his regular rate of pay of $19.00 per hour.  Doc. No. 1 ¶ 22.  In his answers to the Court's interrogatories, Marion claimed a total amount due of $836.00, which would be the unpaid compensation doubled.  Doc. No. 29.  Counsel represented at the hearing that Marion will receive $836.00 under the Settlement Agreement.  This payment exceeds the amount Marion would be due for FLSA minimum wages, including FLSA liquidated damages.[1]   Because Marion will receive more than the compensation arguably due to him under the FLSA, the settlement of his FLSA claims is necessarily reasonable.

---

[1] The federal minimum wage for the period in question for each Plaintiff was $7.25 per hour. U.S. Dep't of Labor, *Wage and Hour Division*, http://www.dol.gov/whd/minwage/q-a.htm (last visited Nov. 9, 2015).  Therefore, under the FLSA, Brewer would have been owed a minimum wage of $159.50 ($7.25 per hour x 22 hours of work) and an equal amount of liquidated damages for a total FLSA minimum wage claim of $319.00.

With respect to her claim for 96 hours of work performed for which no compensation was paid, Plaintiff Brewer alleged that her regular rate of pay was $11.40 per hour. Doc. No. 1 ¶ 21. In her answers to the Court's interrogatories, Brewer claimed that she was owed $1,094.40 for all hours worked (96 hours of work x $11.40 per hour). Doc. No. 28. This amount of unpaid wages exceeds the amount Brewer could have received under her FLSA minimum wage claim.[2] Counsel stated that under the Settlement Agreement, Plaintiff Brewer will receive $2,496.00, which is more than complete compensation for her FLSA claims. Because Brewer will receive more than the compensation arguably due her under the FLSA, the settlement of her FLSA claims is necessarily reasonable.

With respect to her claim for 153.5 hours of work for which she was not compensated, Doc. No. 1 ¶ 20, Morine elected to seek compensation at her regular rate of pay ($19.00 per hour) for all hours worked plus the overtime premium of $9.50 (one-half the $19.00 regular rate of pay per hour) for 33.5 hours worked in excess of 40 hours in a work week. Compensation for 153.5 hours of work at $19.00 per hour would result in $2,916.50 due on Morine's breach of contract claim. This amount exceeds compensation Morine could have recovered on her minimum wage claim.[3] The overtime premium of $9.50 per hour for 33.5 hours of overtime work would result in FLSA overtime compensation due of $318.50 with an equal amount of liquidated damages for a total overtime compensation due of $636.50. Counsel represented at the hearing that Morine will receive

---

[2] The FLSA minimum wage, $7.25 per hour, multiplied by 96 hours of work results in a minimum wage owed of $696.00. Doubling that amount for purposes of liquidated damages results in total FLSA minimum wage owed of $1,392.00. Because Brewer averred that she worked 96 hours over 17 days, *see* Doc. No. 27, at 1, it does not appear that she had an arguable claim for overtime compensation.

[3] This exceeds the amount Morine could recover under her FLSA minimum wage claim. If Morine elected to receive minimum wage damages for this time, she would only be entitled to $2,225.74 calculated as follows: (153.5 hours of regular work x $7.25 minimum wage = $1,112.87; $1,112.87 + $1,112.87 in liquidated damages = $2,225.74).

$5,514.75 under the Settlement Agreement, which is in excess of the amount Morine could recover for her FLSA claims. Because Morine will receive more than the compensation arguably owed under the FLSA, the settlement of her FLSA claims is necessarily reasonable.

The payments to each Plaintiff that exceed the compensation arguably owed under the FLSA are sufficient separate consideration to support the agreement for dismissal of all of the claims in the complaint with prejudice. *See Caamal v. Shelter Mtg. Co.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at * 4 (M.D. Fla. Sept. 26, 2013) (and cases cited therein).

Finally, under the Settlement Agreement counsel for Plaintiffs will receive $5,437.43 in attorney's fees and $510.00 in costs. *See* Doc. No. 32-2 (affidavit of counsel for Plaintiffs). Because Plaintiffs will receive the full amount of FLSA compensation arguably owed, the amount of attorney's fees and costs paid under the Settlement Agreement could not have tainted the amount each Plaintiff agreed to accept to resolve the claims in the complaint. *See, e.g., Biscaino v. Ars Acquisition Holdings, LLC*, No. 6:11-cv-894-Orl-28DAB, 2011 WL 4424394, at * 2-3 (M.D. Fla. Sept. 13, 2011), *adopted and confirmed*, 2011 WL 4422379 (M.D. Fla. Sept. 22, 2011).

## IV.  RECOMMENDATION.

For the reasons set forth above, I **RESPECTFULLY RECOMMEND** that the Court do the following:

1.  **FIND** that the settlement is a fair and reasonable resolution of a *bona fide* dispute under the FLSA;

2.  **GRANT** the Joint Motion For Approval Of Settlement (Doc. No. 32);

3.  **DISMISS** the case with prejudice; and,

      3.    **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

Recommended in Orlando, Florida on November 10, 2015.

                                        *Karla R. Spaulding*
                                        KARLA R. SPAULDING
                            UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy